# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY PATRICK SHORT, <br><br>      *Plaintiff,* <br><br>v. <br><br>MS. ADAMS, *et al.*, <br><br>      *Defendants.* | CIVIL ACTION <br> NO. 17-4544 |

## ORDER

**AND NOW**, this 25th day of January, 2019, upon consideration of Defendants' Motions to Dismiss, (ECF Nos. 21 & 24), and Plaintiff's Responses, (ECF Nos. 31 & 33), it is hereby **ORDERED** that the Motions are **GRANTED in part** and **DENIED in part**. Specifically:

1. Any claim against the GEO Group, Inc., is **DISMISSED without prejudice**;

2. Claims alleging deliberate indifference to serious dental needs against Brown and Chapman are **DISMISSED with prejudice** and such claims against Adams are **DIMISSED without prejudice**;

3. Claims alleging cruel and unusual punishment against Brown, Neil and Chapman with respect to the delay in receiving medications are **DISMISSED with prejudice**;

4. Claims alleging cruel and unusual punishment against Chapman and Brown with respect to the toxic mold conditions are **DISMISSED without prejudice**;

5. Any claim against Neil for medical malpractice with respect to the denial of dental care is **DISMISSED with prejudice**;

1

6. Any claim against Neil for medical malpractice with respect to the delay in dispensing medications is **DISMISSED without prejudice**;

7. Claims alleging intentional infliction of emotional distress, breach of contract, interference with contract, breach of a fiduciary duty, fraud, private nuisance and violation of a DOC policy against Neil are **DISMISSED with prejudice**.

8. The Motion to Dismiss filed by Adams, Brown, Neil and the GEO Group, (ECF No. 23), is **DENIED as moot**.

9. Chapman's Amended Motion to Dismiss, (ECF No. 39), is **DENIED without prejudice**.[1]

10. Plaintiff may file a Second Amended Complaint, consistent with the attached Memorandum, on or before **February 25, 2019** with respect to the following:

    a. Any claim against the GEO Group;

    b. Any claim against Adams alleging deliberate indifference to serious dental needs;

    c. Claims against Chapman and Brown alleging cruel and unusual punishment with respect to the toxic mold conditions and

    d. Any claim against Neil with respect to medical malpractice for the delay in dispensing medications.

---

[1] Chapman argues that the Court should dismiss all claims against him without prejudice because Short has three strikes under the Prison Litigation and Reform Act (PLRA) of 1996. (Mem. Supp. Am. Mot. Dismiss at 1–2.) Chapman's Motion exclusively cites to cases from other circuits. In the Third Circuit's most recent precedential opinion on the three strikes rule, the court evaluated its own precedent, rather than the law of the circuit from which the potential strikes emanated, to hold that the prisoner had not accrued three strikes. *Brown v. Sage*, 903 F.3d 300 (3d Cir. 2018). In December of 2018, the Third Circuit granted the petition for a rehearing *en banc* in *Brown*. 910 F.3d 738 (3d Cir. 2018). Given that Chapman cites to no cases within the Third Circuit for Short's three strikes and the uncertainty of the three strikes rule following *Brown*, the Court declines to rule on the Motion at this time.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.